UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 1:16-cr-00082 |
| STEPHEN SMITH, ) | |
| Defendant. ) | |

## MOTION FOR DISCLOSURE OF GRAND JURY TRANSCRIPTS

NOW COMES, the Defendant, Stephen Smith, acting in Proper Person, and respectfully moves this Court to Issue an Order to Disclose Grand Jury Transcripts, pursuant to Rule 6 of the Rules of 28 USC §2255.

In support hereof, Defendant states as follows:

### STATEMENT OF FACTS

On February 4, 2016, Defendant was allegedly indicted by a federal grand jury sitting in the Southern District of New York, and charged with multiple crimes, Conspiracy to Commit Hobbs Act Robbery (Count 1), Hobbs Act Robbery (Count 2), Hobbs Act Robbery (Count 3), Hobbs Act Robbery (Count 4), and Firearms Use, Carrying, and Possession (Count 5).

On September 16, 2016, Defendant entered a guilty plea to counts 1 & 5 of said indictment, and on January 23, 2017, Defendant was sentenced to 24 months on count 1 and 120 months on count 5, to run consecutive to each other, followed by a 3 year term of Supervised Release on each count.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10-26-18

## ARGUMENT

Pursuant to Rule 6(e) of the Federal Rules of Criminal Procedure, if material sought is needed to prevent possible injustice in another judicial proceeding; the need for disclosure is greater than the need for continued secrecy; and the request is structure to cover only the material needed, the Court should order said disclosure. See Douglas Oil Co. of California v. Petrol Stops Northwest, 441 U.S. 211, 222, 60 L. Ed. 2d 156, 99 S. Ct. 1667 (1979).

Defendant acknowledges that grand jury proceedings enjoy an presumption of regularity. See Frisbie v. United States, 157 U.S. 160, 163 - 165, 15 S. Ct. 586, 39 L. Ed. 657 (1895). However, the failure to the grand jury foreperson to sign an indictment is sufficient to rebut the presumption of regularity.

In the instant case, the grand jury foreperson has failed to sign the Defendant's indictment. Thus, the presumption of regularity has been rebutted.

Further, Defendant asserts that, looking at the docket sheet, there is no indication that the grand jury ever convened, as the docket lacks a minute entry for the grand jury.

Under the Fifth Amendment to the United States Constitution, Defendant has a right to grand jury indictment. But, here, based on the record, other than an entry on the docket that say "Indictment Filed," there is no way of determining whether Defendant was ever actually indicted. In addition, while a stamp on the purported indictment indicates it was filed on February 4, 2016, Court records show it was filed on February 11, 2016.

Defendant is preparing the file a motion pursuant to 28 USC §2255 challenging the legality of his detention. Under §2255 Defendant is required to raise such claim against the indictment otherwise it will be procedurally defaulted, and Defendant will be precluded from raising it later.

Based upon the foregoing, Defendant believes that he is currently convicted and sentenced under a fraudulent indictment.

## CONCLUSION

Wherefore, after considering the foregoing, Defendant prays that this Court grant his Motion for Disclosure of Grand Jury Transcripts, only those portions constituting the Instructions, Concurrence form of Jurrors, compostions non-informant witness testimony, and grand jury questions of said witnesses, along with any other relief this Honorable Court deems just and proper.

Respectfully Submitted,

_____
Stephen Smith
Reg No.
FCI Allenwood Med
P.O. Box 2000
White Deer, PA 17887

