USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/2/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
UNITED STATES OF AMERICA,

        -against-

STEPHEN SMITH,

                           Defendant.
------------------------------------------------------------- X

S1 16-CR-082 (VEC)

MEMORANDUM
OPINION & ORDER

VALERIE CAPRONI, United States District Judge:

Before the Court is Mr. Stephen Smith's motion to disclose certain grand jury transcripts. Dkt. 204. Mr. Smith claims to have found three irregularities in the proceedings that render his indictment defective, such that he needs the transcripts as support for a 28 U.S.C. § 2255 petition. *Id.* For the reasons that follow, Mr. Smith's motion is denied.

**Background**

On February 4, 2016, the grand jury returned two indictments in this case, Dkts. 21 and 27. The first indictment was hand-stamped and publicly filed on the same day. Dkt. 21. The second indictment—the superseding indictment to which Mr. Smith later pleaded guilty—was hand-stamped with a date of February 4, 2016 and remained under seal until February 11, 2016, when it was unsealed and publicly filed. Dkt. 27. The superseding indictment charged two additional defendants who were not included in the original instrument.

Both the original and superseding indictments were signed by the deputy Foreperson of the Grand Jury. Dkts. 21, 27. For reasons unknown, the original indictment, as displayed on the docket, is missing page 6, which would have included the signature of the United States Attorney and the Foreperson (or deputy Foreperson) of the Grand Jury. Dkt. 21. Nevertheless, the filed

copy of the indictment includes the "blueback" page, which reflects the signature of the deputy Foreperson of the Grand Jury. *Id.*[1]

On September 16, 2016, Mr. Smith pleaded guilty to Counts One and Five of the superseding indictment, in a proceeding before a magistrate judge. Dkts. 75, 81. On January 20, 2017, the Court adopted the magistrate judge's recommendation that the guilty plea be accepted. Dkt. 126.

On January 23, 2017, the Court sentenced Mr. Smith to a total of 144 months, plus a term of supervised release, for the two convictions. Dkts. 129.

On October 29, 2018, the Court received a letter motion from Mr. Smith, requesting disclosure of grand jury transcripts in order to pursue a 28 U.S.C. § 2255 petition. Dkt. 204.

**Discussion**

The Court construes Mr. Smith's letter as a motion to disclose a grand jury matter pursuant to Fed. R. Crim. P. 6(e)(3)(E)(i)-(ii).[2] To justify such a disclosure, the movant must show that there is a "particularized need" for the disclosure that outweighs the need for secrecy in grand jury proceedings. *In re Grand Jury Subpoena*, 103 F.3d 234, 239 (2d Cir. 1996).

Mr. Smith claims to have identified three defects in the grand jury process that allegedly justify disclosure of the transcripts. First, he claims that the Foreperson of the Grand Jury failed to sign the indictment that was filed on February 11, 2016—the superseding indictment to which he pleaded guilty. *See* Dkt. 204 at 2. Second, he argues that there is a date discrepancy on the superseding indictment, because it is hand-stamped with a date of February 4, 2016, even though

---

[1] To the extent the failure to file the entire indictment constitutes a "defect," that defect is immaterial to Mr. Smith because he pleaded guilty to two counts of the superseding indictment.

[2] Rule 6(e)(3)(E)(i) authorizes disclosure of a grand jury matter "preliminarily to or in connection with a judicial proceeding," which, in this case, would be Mr. Smith's anticipated § 2255 petition. Rule 6(e)(3)(E)(ii) in turn authorizes a disclosure "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury."

the docket shows that it was filed on February 11, 2016.  *See id*.  Third and finally, Mr. Smith argues that the supposed grand jury proceeding may have been a farce, because the public docket lacks any entries showing that the grand jury was ever convened.  *See id*.

Mr. Smith's allegations of a defective indictment are unfounded.  First, contrary to his unsubstantiated arguments, the superseding indictment in this case bears the signature of the deputy Foreperson of the Grand Jury, as can be seen on page 6 of the document.  Dkt. 27.  Second, the superseding indictment is identified by two different dates: February 4, 2016 is the date on which the indictment was returned and filed under seal; February 11, 2016 is the date on which the document was unsealed and filed on the public docket.  Dkt. 27.  Lastly, grand jury proceedings, by virtue of their secrecy, are not recorded on the docket, and thus, the lack of associated docket entries does not suggest any nefarious conduct by the Government.  In short, Mr. Smith has failed to show, pursuant to Rule 6(e), any possible basis for dismissing the indictment or any other particularized need that justifies piercing the grand jury's veil of secrecy.

For the foregoing reasons, the motion to disclose grand jury transcripts is DENIED.  The Clerk of the Court is respectfully directed to mail a copy of this Order and docket entries 21 and 27 to Mr. Smith and to note the mailing on the docket.  The Clerk of the Court is further directed to close the open motion at docket entry 204.

**SO ORDERED.**

Date:  **November 2, 2018**  
      **New York, New York**

      **VALERIE CAPRONI**  
      **United States District Judge**